UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATASHA SARRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LAS CRUCES POLICE DEPARTMENT and A.T.F.,<br><br>　　　　Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:20-cv-10884-ADB<br>*<br>*<br>*<br>*<br>* |

## **ORDER**

BURROUGHS, D.J.

　　On May 11, 2020, the Court ordered Plaintiff Natasha Sarro ("Sarro") to file an amended complaint that complied with the basic pleading requirements of the Federal Rules of Civil Procedure. [ECF No. 4]. On May 28, 2020, Sarro requested, and was granted, an extension of time until June 19, 2020 to comply with the Court's Order. See [ECF No. 5; ECF No. 6]. On June 24, 2020, Sarro filed an untimely unsigned letter, addressed "to whom it may concern," alleging civil rights violations, including sexual assault, that occurred upon her arrest for drug possession in New Mexico. See [ECF No. 8].

　　Even if the Court were to construe the letter as an amended complaint, it does not meet the basic pleading requirements of the Federal Rules of Civil Procedure. First, the letter is not signed. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."). Second, as the Court previously instructed, and as the Federal Rules of Civil Procedure require, Sarro's claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

1

Fed. R. Civ. P. 10(b).  Furthermore, because doing so promotes clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."  Fed. R. Civ. P. 10(c).  Finally, because the letter does not identify the defendants in a caption, it is not entirely clear who Sarro is suing.  Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number . . . . [and] [t]he title of the complaint must name all the parties . . . .").

Sarro is provided a <u>final</u> opportunity to amend her complaint to comply with the Federal Rules of Civil Procedure and, shall by July 17, 2020, file an amended complaint—a standalone document—that complies with the Federal Rules of Civil Procedure and this Court's May 11, 2020 Order.  Failing to comply with this Order will result in dismissal of this action without prejudice.  Further extensions are unlikely to be granted.

    **SO ORDERED.**

June 29, 2020                                                        /s/ Allison D. Burroughs
                                                                               ALLISON D. BURROUGHS
                                                                               U.S. DISTRICT JUDGE